# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ARMANDO HERRERA, MONICA HERRERA, DEANA LUCERO, VANITY ARRINGTON, NICHOLE DARTIS, FREDERICK BROWN, JANET CORPES, TERRI JONES, RIA MARTEINS, , GRETA CARTER, and JANET ATKINS, each individually and on behalf of all others similarly situated,
                    Plaintiffs,

vs.

WELLS FARGO BANK, N.A. D/B/A WELLS FARGO DEALER SERVICES, INC., and WELLS FARGO & COMPANY
                    Defendants.

Case Number: 8:18-cv-00332-AG-MRW

**[PROPOSED] PROTECTIVE ORDER**

Hon. Andrew J. Guilford

# 1. __PURPOSE AND LIMITS OF THIS ORDER__

Discovery in this action is likely to involve confidential, proprietary, commercially sensitive and/or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable standards identified herein. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under this Order.

# 2. __DEFINITIONS__

**2.1** "CONFIDENTIAL" means and refers to Discovery Material that contains or reflects confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity.

**2.2** "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or any disclosures in this case.

**2.3** "CONFIDENTIAL- PII" means personally identifying information, and refers to Discovery Material that the Producing Party claims in good faith constitutes confidential personally identifying information including social security numbers, account numbers, tax identification numbers, and personal addresses and telephone numbers.

**2.4** "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) attorneys associated with such counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation.

**2.5** "Party" means any party to this case, including all of its officers, directors, employees.

**2.6** "Producing Party" means any Party or other third-party entity that discloses or produces any Discovery Material in this case.

**2.7** "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or 'CONFIDENTIAL-PII", as provided for in this Order, as well as any information copied or extracted therefrom.

**2.8** "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

## 3. DESIGNATING PROTECTED MATERIAL

**3.1** **Over-Designation Prohibited**. Any Producing Party who designates Discovery Material for protection under this Order as "CONFIDENTIAL or CONFIDENTIAL-PII" (a "designator" must only designate specific material that qualifies under the appropriate standards provided for herein. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**3.2** **Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend, "CONFIDENTIAL or CONFIDENTIAL-PII" to each document that contains protected material, prior to the production. For testimony given in deposition or other proceeding, the designator shall

specify all protected testimony.  It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

**3.2.1**  A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced.  During the inspection and before the designation, all material shall be treated as CONFIDENTIAL. After the inspecting party has identified the documents it wants copied and produced, the Producing Party must designate the documents, or portions thereof, that qualify for protection under this Order.

**3.2.2**  Parties shall give advance notice, where practicable, if they expect a deposition or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.  Transcripts containing Protected Material shall have a legend on the title page noting the presence of Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted.  The designator shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21 day period for designation shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**3.3     Inadvertent Failures to Designate**.  An inadvertent failure to designate does not, standing alone, waive protection under this Order.  Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

**4. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

 **4.1** All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.  In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the designator.

 **4.2** A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

 **4.3** Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**5.** **ACCESS TO PROTECTED MATERIAL**

 **5.1** **Basic Principles.** A Receiving Party may use Protected Material only for this litigation.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

 **5.2** **Secure Storage.** Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

 **5.3** **Limitations.** Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to

Order of the Court.

**5.4    Disclosure of CONFIDENTIAL Material Without Further Approval.**

Unless otherwise ordered by the Court or permitted in writing by the designator, a Receiving Party may disclose any material designated CONFIDENTIAL only to:

**5.4.1**  The Parties themselves, corporate officers and key employees of the Parties who have responsibility for directing or assisting litigation counsel in connection with this action;

**5.4.2** The Receiving Party's in-house or Outside Counsel of record in this action and employees of Outside Counsel of record to whom disclosure is reasonably necessary;

**5.4.3**  The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**5.4.4**  Experts or consultants retained by the Receiving Party's Outside Counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**5.4.5**  The Court and its personnel;

**5.4.6**  Outside court reporters and their staff, professional jury or trial consultants, and professional vendors, and private mediators, to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**5.4.7**  Deposition and trial witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A);

**5.4.8**  The author or recipient of a document containing the material, or a custodian or other person who likely would have reviewed such document, who is identified in the document, or who reasonably would be expected to have otherwise possessed or known the information discussed in the document;

**5.4.9**  Unless otherwise ordered by the Court or permitted in writing by the designator, a Receiving Party may disclose any material designated CONFIDENTIAL-PII

only to the persons listed in paragraphs 8.5.2, 8.5.5, and 8.5.6, or to others to whom the Producing Party has consented disclosure. In addition, a Receiving Party may disclose material designated CONFIDENTIAL-PII to a party if the PII contained in the material is that party's own PII.

**5.4.10** Individuals who participate in a focus group or mock jury and who have signed the Agreement to Be Bound (Exhibit A); and

**5.4.11** Any individual(s) who the designator agrees may access the Protected Material or to whom the Court compels access to the Protected Material, and who have signed the Agreement to Be Bound (Exhibit A).

## 6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**6.1 Subpoenas and Court Orders.** This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**6.2 Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or CONFIDENTIAL - PII that party must:

**6.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

**6.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**6.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**6.3 Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any

information designated in this action as CONFIDENTIAL or CONFIDENTIAL-PII before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**7.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A). Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**8.** **PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

**8.1** The production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client, the Bank Examination privilege and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

**8.2** If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. If the receiving party has any notes or other work product reflecting the contents of the

Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

**8.3**     The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.  The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

**8.4**     The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

**8.5**     If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulated Protective Order.

**8.6**     The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

**8.7**     The parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding.

**9.**     <u>**FILING UNDER SEAL**</u>

Without written permission from the designator or a Court order, a party may not file in the public record in this action any Protected Material.  A party seeking to file under seal any Protected Material must comply with L.R. 79-5.1.  Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue.  The fact that a document has been designated under this Order is insufficient to justify filing under seal.   Instead, parties must explain the basis for confidentiality of each

document sought to be filed under seal. Because a party other than the designator will often be seeking to file Protected Material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If *a Receiving Party's* request to file Protected Material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the Receiving Party *may file the material in the public record* unless (1) *the designator* seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court. Absent written permission from the Producing Party or a court Order denying a motion to seal, a Receiving Party may not file in the public record any Protected Material.

The use of Protected Material during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

## 10.  SHIPPING PROTECTED MATERIAL

When any Receiving Party ships by mail any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient. If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving party learns at any time that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

## 11.  FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all Protected Material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any Protected Material. The Receiving Party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all

9

the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies remain subject to this Order.

IT IS SO ORDERED.

DATED: ___11/1/2018_____      _____

United States Magistrate Judge
Michael R. Wilner

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of Armando Herrera, et al. v. Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services, Inc., and Wells Fargo & Company, 8:18-cv-00332-AG-MRW.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.


Date:_____

City and State where sworn and signed: _____


Printed name:_____

[printed name]

Signature:_____

[signature]

# EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARMANDO HERRERA, MONICA
HERRERA, DEANA LUCERO, VANITY
ARRINGTON, NICHOLE DARTIS,
FREDERICK BROWN, JANET CORPES,
TERRI JONES, RIA MARTEINS, , GRETA
CARTER, and JANET ATKINS, each
individually and on behalf of all others
similarly situated,

           Plaintiffs,

vs.

WELLS FARGO BANK, N.A. D/B/A
WELLS FARGO DEALER SERVICES,
INC., and WELLS FARGO & COMPANY

        Defendants.

Case Number: 8:18-cv-00332-AG-MRW

[PROPOSED] PROTECTIVE ORDER Hon.
Andrew J. Guilford

~~HONORABLE ANDREW J. GUILFORD~~

~~STANDING PROTECTIVE ORDER~~

1

1.      PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary, commercially sensitive and/or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable ~~legal principles~~standards identified herein. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under ~~seal. This Order does not govern the use at trial of material designated under~~ this Order.

2.      DEFINITIONS

2.1     "CONFIDENTIAL" means and refers to Discovery Material that contains or reflects confidential, non-public, proprietary, commercially sensitive, and/or private information of an individual or entity.

2.2     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or any disclosures in this case.

2.3     "CONFIDENTIAL- PII" means personally identifying information, and refers to Discovery Material that the Producing Party claims in good faith constitutes confidential personally identifying information including social security numbers, account numbers, tax identification numbers, and personal addresses and telephone numbers.

2.4     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) attorneys associated with such counsel to whom it is reasonably necessary to disclose the information for purposes of this litigation.

2.5     "Party" means any party to this case, including all of its officers, directors,

employees.

2.6    "Producing Party" means any Party or other third-party entity that discloses or produces any Discovery Material in this case.

2.7    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or 'CONFIDENTIAL-PII", as provided for in this Order, as well as any information copied or extracted therefrom.

2.8    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

~~2~~3.    DESIGNATING PROTECTED MATERIAL

~~2.1~~3.1  Over-Designation Prohibited. Any Producing Party ~~or non-party~~ who designates ~~information or items~~Discovery Material for protection under this Order as "CONFIDENTIAL,~~"~~ ~~"HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE~~ or CONFIDENTIAL-PII" (a "designator"~~)~~ must only designate specific material that qualifies under the appropriate standards provided for herein. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions, including the Court's striking all confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

~~2.2~~3.2  Manner and Timing of Designations. Designation under this Order requires the designator to affix the applicable legend~~(~~. "CONFIDENTIAL,~~" "HIGHLY CONFIDENTIAL—~~

ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") or CONFIDENTIAL-PII" to each ~~page~~document that contains protected material, prior to the production. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony ~~and the level of protection being asserted~~. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

2.2.1 3.2.1    A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as ~~HIGHLY~~ CONFIDENTIAL ~~– ATTORNEY EYES ONLY~~. After the inspecting party has identified the documents it wants copied and produced, the Producing Party must designate the documents, or portions thereof, that qualify for protection under this Order.

2.2.2 3.2.2    Parties shall give advance notice, where practicable, if they expect a deposition or other proceeding to include ~~designated~~Protected Material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing ~~designated~~Protected Material shall have a legend on the title page noting the presence of ~~designated~~Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21- day period for designation shall be treated during that period as if it had been designated ~~HIGHLY~~ CONFIDENTIAL ~~– ATTORNEY EYES ONLY~~ unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

2.3 3.3  Inadvertent Failures to Designate. An inadvertent failure to designate does not,

standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

34.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

4.1    All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4. In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the designator.

4.2    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

4.3    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

45.    ACCESS TO DESIGNATEDPROTECTED MATERIAL

4.15.1  Basic Principles. A Receiving Party may use designatedProtected Material only for this litigation. DesignatedProtected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

5.2    Secure Storage. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.3    Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving

Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to Order of the Court.

4.25.4 Disclosure of CONFIDENTIAL Material Without Further Approval.

Unless otherwise ordered by the Court or permitted in writing by the designator, a Receiving Party may disclose any material designated CONFIDENTIAL only to:

5.4.1 The Parties themselves, corporate officers and key employees of the Parties who have responsibility for directing or assisting litigation counsel in connection with this action;

4.2.15.4.2 The Receiving Party's in-house or Outside Counsel of record in this action and employees of Outside Counsel of record to whom disclosure is reasonably necessary;

4.2.25.4.3 The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

4.2.35.4.4 Experts or consultants retained by the Receiving Party's Outside Counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

4.2.45.4.5 The Court and its personnel;

4.2.55.4.6 Outside court reporters and their staff, professional jury or trial consultants, and professional vendors, and private mediators, to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

4.2.6 During their depositions,5.4.7Deposition and trial witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

4.2.75.4.8 The author or recipient of a document containing the material, or a custodian or other person who likely would have reviewed such document, who is identified in the document, or who reasonably would be expected to have otherwise possessed or knewknown the

information discussed in the document;

        5.4.9   Unless otherwise ordered by the Court or permitted in writing by the designator, a Receiving Party may disclose any material designated CONFIDENTIAL-PII only to the persons listed in paragraphs 8.5.2, 8.5.5, and 8.5.6, or to others to whom the Producing Party has consented disclosure. In addition, a Receiving Party may disclose material designated CONFIDENTIAL-PII to a party if the PII contained in the material is that party's own PII.

    4.3   ~~Disclosure of HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL—SOURCE CODE Material Without Further Approval. Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL—SOURCE CODE without further approval only to:~~

       ~~4.3.1   The receiving party's outside counsel of record in this action and employees of outside counsel of record~~ to whom it is reasonably necessary to disclose the information;

       ~~4.3.2   The Court and its personnel;~~

       ~~4.3.3   Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary,~~5.4.10   Individuals who participate in a focus group or mock jury and who have signed the Agreement to Be Bound (Exhibit A); and

       5.4.11  Any individual(s) who the designator agrees may access the Protected Material or to whom the Court compels access to the Protected Material, and who have signed the Agreement to Be Bound (Exhibit A).

       ~~4.3.4   The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.~~

    ~~4.4   Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL—SOURCE CODE Material to In-House Counsel or Experts. Unless agreed to~~ in writing by the designator:

       ~~4.4.1   A party seeking to disclose to in-house counsel any material designated~~

HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making. In-house counsel are not authorized to receive material designated HIGHLY CONFIDENTIAL – SOURCE CODE.

        4.4.2   A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years. If the expert believes any of this information at (4) – (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

        4.4.3   A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

1            4.4.4   All challenges to objections from the designator shall proceed under L.R.

2   37-1 through L.R. 37-4.

3   5.    SOURCE CODE

4       5.1   Designation of Source Code. If production of source code is necessary, a party may

5   designate it as HIGHLY CONFIDENTIAL—SOURCE CODE if it is, or includes, confidential,

6   proprietary, or trade secret source code.

7       5.2   Location and Supervision of Inspection. Any HIGHLY CONFIDENTIAL—

8   SOURCE CODE produced in discovery shall be made available for inspection, in a format

9   allowing it to be reasonably reviewed and searched, during normal business hours or at other

10  mutually agreeable times, at an office of the designating party's counsel or another mutually

11  agreeable location. The source code shall be made available for inspection on a secured computer

12  in a secured room, and the inspecting party shall not copy, remove, or otherwise transfer any

13  portion of the source code onto any recordable media or recordable device. The designator may

14  visually monitor the activities of the inspecting party's representatives during any source code

15  review, but only to ensure that there is no unauthorized recording, copying, or transmission of the

16  source code.

17      5.3   Paper Copies of Source Code Excerpts. The inspecting party may request paper

18  copies of limited portions of source code that are reasonably necessary for the preparation of court

19  filings, pleadings, expert reports, other papers, or for deposition or trial. The designator shall

20  provide all such source code in paper form, including Bates numbers and the label "HIGHLY

21  CONFIDENTIAL—SOURCE CODE."

22      5.4   Access Record. The inspecting party shall maintain a record of any individual who

23  has inspected any portion of the source code in electronic or paper form, and shall maintain all

24  paper copies of any printed portions of the source code in a secured, locked area. The inspecting

25  party shall not convert any of the information contained in the paper copies into any electronic

26  format other than for the preparation of a pleading, exhibit, expert report, discovery document,

27  deposition transcript, or other Court document. Any paper copies used during a deposition shall be

28

1 retrieved at the end of each day and must not be left with a court reporter or any other
2 unauthorized individual.

3 6.   PROSECUTION BAR

4       Absent written consent from the designator, any individual who receives access to
5 HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL –
6 SOURCE CODE information shall not be involved in the prosecution of patents or patent
7 applications concerning the field of the invention of the patents-in-suit for the receiving party or
8 its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for
9 one year after its conclusion, including any appeals. "Prosecution" means drafting, amending,
10 advising on the content of, or otherwise affecting the scope or content of patent claims or
11 specifications. These prohibitions shall not preclude counsel from participating in reexamination
12 or inter partes review proceedings to challenge or defend the validity of any patent, but counsel
13 may not participate in the drafting of amended claims in any such proceedings.

14 76.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
15 LITIGATION

16       7.16.1 Subpoenas and Court Orders. This Order in no way excuses non-compliance with a
17 lawful subpoena or court order. The purpose of the duties described in this section is to alert the
18 interested parties to the existence of this Order and to give the designator an opportunity to protect
19 its confidentiality interests in the court where the subpoena or order issued.

20       7.26.2 Notification Requirement. If a party is served with a subpoena or a court order
21 issued in other litigation that compels disclosure of any information or items designated in this
22 action as CONFIDENTIAL, HIGHLY or CONFIDENTIAL - ATTORNEY EYES ONLY, or
23 HIGHLY CONFIDENTIAL – SOURCE CODE, PII that party must:

24       7.2.16.2.1    Promptly notify the designator in writing. Such notification shall
25 include a copy of the subpoena or court order;

26       7.2.26.2.2    Promptly notify in writing the party who caused the subpoena or
27 order to issue in the other litigation that some or all of the material covered by the subpoena or

28

order is subject to this Order. Such notification shall include a copy of this Order; and

7.2.36.2.3    Cooperate with all reasonable procedures sought by the designator whose material may be affected.

7.36.3    Wait For Resolution of Protective Order. If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL—SOURCE CODE or CONFIDENTIAL-PII before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

87.    UNAUTHORIZED DISCLOSURE OF DESIGNATEDPROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed designatedProtected Material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designatedProtected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A). Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

98.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

8.1    The production of documents (including both paper documents and electronically stored information) subject to protection by the attorney-client, the Bank Examination privilege and/or protected by the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the

1  production after its discovery of the same.

2  ~~When a~~8.2     If the producing party ~~gives notice that certain inadvertently produced~~

3  ~~material is subject to a claim of privilege or other protection, the obligations of the receiving~~

4  ~~parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not~~

5  ~~intended to modify whatever procedure may be established in an e-discovery order that provides~~

6  ~~for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and~~

7  ~~(e).~~notifies the receiving party after discovery that privileged materials (hereinafter referred to as

8  the "Identified Materials") have been produced, the Identified Materials and all copies of those

9  materials shall be returned to the producing party or destroyed or deleted, on request of the

10  producing party. If the receiving party has any notes or other work product reflecting the contents

11  of the Identified Materials, the receiving party will not review or use those materials unless a court

12  later designates the Identified Materials as not privileged or protected.

13        8.3     The Identified Materials shall be deleted from any systems used to house the

14  documents, including document review databases, e-rooms and any other location that stores the

15  documents. The receiving party may make no use of the Identified Materials during any aspect of

16  this matter or any other matter, including in depositions or at trial, unless the documents are later

17  designated by a court as not privileged or protected.

18        8.4     The contents of the Identified Materials shall not be disclosed to anyone who was

19  not already aware of the contents of them before the notice was made.

20        8.5     If any receiving party is in receipt of a document from a producing party which the

21  receiving party has reason to believe is privileged, the receiving party shall in good faith take

22  reasonable steps to promptly notify the producing party of the production of that document so that

23  the producing party may make a determination of whether it wishes to have the documents

24  returned or destroyed pursuant to this Stipulated Protective Order.

25        8.6     The party returning the Identified Materials may move the Court for an order

26  compelling production of some or all of the material returned or destroyed, but the basis for such a

27  motion may not be the fact or circumstances of the production.

28

8.7    The parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding.

~~10~~9.    FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any ~~designated~~Protected Material. A party seeking to file under seal any ~~designated~~Protected Material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file ~~designated~~Protected Material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a Receiving Party's request to file ~~designated~~Protected Material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the Receiving Party may file the material in the public record unless (1) the designator seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court. Absent written permission from the Producing Party or a court Order denying a motion to seal, a Receiving Party may not file in the public record any Protected Material.

The use of Protected Material during the pre-trial hearing shall be determined by agreement of the parties or by Order of the Court.

10.    SHIPPING PROTECTED MATERIAL

When any Receiving Party ships by mail any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Receiving Party will encrypt any electronic data (if the Discovery Material is in that format) and supply the password in separate correspondence to the recipient. If the Discovery Material is in hard copy/paper form, the Receiving Party will ship the Discovery Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving party learns at any time

that Discovery Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Discovery Material.

11.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all ~~designated~~Protected Material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any ~~designated~~Protected Material. The Receiving Party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the ~~designated~~Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the ~~designated~~Protected Material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain ~~designated~~Protected Material. Any such archival copies remain subject to this Order.

IT IS SO ORDERED.

DATED:_____        _____

United States District Judge/Magistrate Judge

EXHIBIT A

AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Protective Order that was issued by the United States

District Court for the Central District of California on _____ [date] in the case of

~~_____ [insert formal name of the case and the number and initials assigned to it by the~~

~~court]~~Armando Herrera, et al. v. Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services, Inc.,

and Wells Fargo & Company, 8:18-cv-00332-AG-MRW. I agree to comply with and to be bound

by all the terms of this Protective Order, and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Protective Order to any

person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing this Order, even if such enforcement

proceedings occur after termination of this action.

~~I hereby appoint _____ [print or type full name]~~

~~of_____ [print or type full address and telephone number] as my~~

~~California agent for service of process~~ ~~in connection with this action or any proceedings related to~~

~~enforcement of this Order.~~

Date:_____

City and State where sworn and signed:_____

Printed name:_____

[printed name]

Signature:_____

[signature]