UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 18-332 JVS (MRWx) | Date | August 26, 2020 |
|---|---|---|---|
| Title | Herrera v. Wells Fargo Bank | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:**   ORDER SELECTING TERMS OF COMPETING ORDERS

   1.   In recent weeks, the litigants have agreed to implement a new notice and opt-in procedure for contacting additional members of the putative class. However, the attorneys for the class and the bank have been unable to fully agree on the terms of an order regarding this effort.

   2.   In a recent video hearing, the Court indicated that it would review the competing versions of the orders. (Docket # 173 at 24-30.) To that end, the lawyers emailed both iterations to chamber for consideration. I choose the defense version – mostly – and will enter it as an order of the Court.

   3.   The main dispute between the parties centers on who may properly contact class members regarding this action going forward. Clearly not Wells Fargo; the bank agrees to this. And clearly not the bank's lawyers; that's how we got into this redo-the-notice kerfuffle in the first place.

   4.   But Plaintiffs go too far in trying to restrain or limit "agents" of the bank from "directly or indirectly" contacting class members. (Plaintiff's proposed order at ¶ 4.) The proposed order does not define these terms, so they're capable of broad meanings. There are obvious notice problems regarding a federal court order that limits future conduct, but neither mandates service of the order on affected "agents" nor lays out the potential consequences to non-parties for violations.

   5.   Further, the Court does not have a factual basis for imposing such a sizeable gag order. Indeed, the parties may well be undertaking a lengthy set of depositions specifically to inform the Court of the legitimacy of these predicate allegations. Slapping an order on car dealers or finance managers before I've determined that any of them have done something wrong is unwarranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 18-332 JVS (MRWx) | Date | August 26, 2020 |
|---|---|---|---|
| Title | Herrera v. Wells Fargo Bank | | |

6. I also don't find aspects of Plaintiffs' proposed order to be workable or understandable. The second half of paragraph 4 contains a series of convoluted carve-outs that do not lend themselves to easy patrolling. Even worse, I simply don't get the point of the fragmentary, ungrammatical phrase at the end of the paragraph. We'll go with the defense's clearer version.

7. There's a caveat, though. The parties apparently are using a firm called KCC to manage the Belaire-West opt-in procedure. The bank's version of paragraph 3 seems to envision that KCC will provide certain contact information to Plaintiffs' lawyers, but not to the bank or its lawyers. Fine, as far as that goes. Yet, the real reason for using the clunky Belaire-West process is to protect the consumers from improper distribution of their data. I'll rewrite the order to make clear that KCC can't give the info to anyone (WFB agent or not) beyond the scope of this action.

\* \* \*

8. The Court construes the request regarding these orders to be a discovery motion. Because the Court rules in favor of the bank, Federal Rule of Civil Procedure 37(a)(5) requires me to order Plaintiffs to pay the defense's expenses associated with this motion unless I find that (a) Plaintiffs were substantially justified in their actions or (b) the circumstances make an award of expenses "unjust."

9. It's a fairly close call, but I grudgingly decline to require Plaintiffs to pay Wells Fargo's expenses here. I have real difficulty understanding Plaintiffs' motivation in pressing this issue, particularly after I gave them my preliminary views on the subject in our recent call. I was, and remain, "incredibly leery about extending a gag order to every salesman at every Chevy dealership in America." (Docket # 173 at 29.) I also won't enter – as my order – anything with a provision as chaotic as Plaintiffs' proposal contains. If pushed, I doubt that I could find that Plaintiffs were "substantially justified" in seeking judicial resolution of this question.

10. Nevertheless, we're in this situation because of colorable misconduct by the bank's lawyers. After extensive arm-wrestling, the bank now has agreed to an ameliorative do-over of the class contact process. It would be unjust to require the aggrieved Plaintiffs to pay the bank's costs to fix its mess – even if Plaintiffs overreached a bit in trying to prevent further problems.