## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |
|---|---|---|---|

| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. |
|---|---|

Present: The Honorable        **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:    [IN CHAMBERS] <u>Order Regarding Motion to Dismiss and Motion to Strike</u>**

Before the Court are two motions.

First, Defendants Wells Fargo Bank N.A., d/b/a Wells Fargo Auto f/k/a Wells Fargo Dealer Services, Inc., and Wells Fargo & Company (collectively – "Wells Fargo") filed a motion to dismiss the First Amended Complaint ("FAC") of Plaintiffs James Atkins, Kashif Z. Awan, Gretta Carter, Janet Corpes, NaKecia M. Dean, Von Griffin, Heidi Humphreys, Terri Jones, Ilka Robinson-Eaton, Eduardo Salcedo, and Brian T. Sweeney (collectively – "Plaintiffs") under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss, ECF No. 125. Plaintiffs opposed the motion. Opp'n, ECF No. 162. Wells Fargo replied. Reply to Mot. to Dismiss, ECF No. 175.

Second, Wells Fargo filed a motion to strike Plaintiffs' class action claims and allegations from the FAC under Federal Rule of Civil Procedure 12(f). Mot. to Strike, ECF No. 126. Plaintiffs opposed the motion. Opp'n to Mot. to Strike, ECF No. 163. Wells Fargo replied. Reply to Mot. to Strike, ECF No. 176.

For the following reasons, the Court:

- **GRANTS IN PART** and **DENIES IN PART** Wells Fargo's motion to dismiss the FAC, and

- **DENIES** Wells Fargo's motion to strike.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 18-332 JVS(MRWx)              Date    September 1, 2020

Title    Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al.

## I. BACKGROUND

Plaintiffs allege that Wells Fargo knowingly collects unearned fees for Guaranteed Automobile Protection ("GAP") Waivers ("GAP Agreements") and refuses to refund them despite being obligated to do so. First Amended Complaint ("FAC"), ECF No. 102, ¶ 1. A GAP Agreement is an addendum to a financing agreement to purchase a car, which provides that if a customer suffers a total loss in an accident during the course of the financing agreement, the customer will be paid the difference between the insurance payout based upon the vehicle's value and the remaining balance on the loan in exchange for a GAP fee. See FAC ¶¶ 4-6. The Plaintiffs agreed to purchase GAP Waivers when purchasing their cars at different car dealership. Id. ¶¶ 8, 28, 29. The dealerships then sold and assigned the Plaintiffs' finance agreements, including the GAP Agreements, to Wells Fargo. Id. ¶¶ 8, 22, 28. Following assignment, Plaintiffs made all payments on their finance agreements to Wells Fargo. FAC ¶ 111.

Plaintiffs allege that on the purchase of the finance agreements, Wells Fargo took over all rights and obligations under the agreement as the assignor. Id. ¶¶ 54, 57. When Plaintiffs paid off their finance agreements early, Wells Fargo informed them how much they still owed on the finance agreement and included in that amount certain fees for GAP agreements for protection through the original
maturity date, even though by paying off the contract early the GAP Waiver protection would necessarily also be ending early. Id. ¶¶ 11, 29, 60, 61. Wells Fargo allegedly actively concealed its obligation to issue a refund on the GAP Waiver fees for the portion of the GAP Waiver's initial coverage that was cut short by early payoff, and denied any obligation to return the unearned GAP fees. Id. ¶¶ 13-14. According to the terms of the contract, the GAP Agreement is optional, can be canceled by the customer at any time, and permits customers to request a partial refund of the amount paid for GAP in the event of early cancellation. Id. ¶¶ 4, 22, 28.

The FAC outlines six claims against Wells Fargo: 1) breach of contract; 2) violation of the Truth in Lending Act, 3) money had and received; 4) violation of the California Unfair Competition Law; 5) violation of the California Consumer Legal Remedies Act; and 6) a claim for declaratory relief. Id. at ¶¶ 52-105.

The FAC also contains six class allegations, including a nationwide class; state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |
|---|---|---|---|

| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. |
|---|---|

subclasses for the states of California, Colorado, Delaware, Illinois, Kentucky, Maryland, New Jersey, Ohio, Pennsylvania, Texas, and Wisconsin; a statutory refund subclass; a California unfair business practices subclass; alternative nationwide subclasses limited to specific GAP Waiver forms; and alternative state subclasses limited to specific GAP Waiver forms. Id. at ¶¶ 36(a)-(f). Finally, Plaintiffs also allege bellwether subclasses of the nationwide class. Id. at 36(g).

## II. LEGAL STANDARD

### A.    Motion to Dismiss

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679.  This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### B.    Motion to Strike

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f).  A motion to strike is appropriate when a defense is insufficient as a matter of law. Kaiser

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |

| | |
|---|---|
| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. |

Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). "As a general proposition, motions to strike are regarded with disfavor because [they] are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Sands, 902 F. Supp. at 1165-66 (alteration in original) (internal quotation marks omitted).

Therefore, courts frequently require the moving party to demonstrate prejudice "before granting the requested relief, and 'ultimately whether to grant a motion to strike falls on the sound discretion of the district court.'" Greenwich Ins. Co. v. Rodgers, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010) (quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002)).

## III. DISCUSSION

### A. Wells Fargo's Motion to Dismiss the FAC

Wells Fargo seeks to dismiss all of Plaintiffs' six claims, at least with respect to some of the Plaintiffs. The Court addresses each of the claims in turn.

#### 1. Contract Claims

Plaintiffs' first claim is for breach of contract relating to the finance agreements and GAP Waivers between Wells Fargo and Plaintiffs. See FAC at ¶¶ 52-69. The Court notes that Wells Fargo is not moving to dismiss Griffin's contract claim. Mot. to Dismiss at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |

| | |
|---|---|
| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. |

"The standard elements of a claim for breach of contract are: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to the plaintiff therefrom." Wall St. Network, Ltd. v. N.Y. Times Co., 164 Cal. App. 4th 1171, 1178 (Cal. Ct. App. 2008). See also Neumayer v. Allstate Ins. Co., 2016 WL 4257691 at *2 (C.D. Cal. Aug. 9, 2016). Wells Fargo's primary argument is that all contract claims – except that of Griffin – should be dismissed because each includes a condition precedent under which the Plaintiffs must first submit a written refund request for unearned GAP fees before being entitled to a refund – henceforth referred to as "written refund request provisions". Mot. to Dismiss at 10-11. Wells Fargo argues that without pleading compliance with this condition precedent, Plaintiffs cannot claim that Wells Fargo is in breach. Id. at 11-15.

Plaintiffs first respond that even assuming arguendo that the written refund request provisions are conditions precedent, Plaintiffs have pleaded enough generally to survive a motion to dismiss. Under Federal Rule of Civil Procedure 9(c), a plaintiff needs only to "allege generally that all conditions precedent have occurred or been performed" to survive a motion to dismiss. In Kiernan v. Zurich Companies, for example, the Ninth Circuit allowed the plaintiff to allege generally that the parasailing accident at issue in the case occurred "when the [insurance] policy was in full force and effect." 150 F.3d 1120, 1123-24 (9th Cir. 1998). In so doing, it rejected the defendant's argument that the plaintiff needed to plead specifically that he did not sign a particular waiver to state a contract claim under the policy. Id.

But Wells Fargo's core argument is not one merely that Plaintiffs have not pleaded their FAC with sufficient particularity, as was the case in Kiernan. Rather, the key issue is whether Plaintiffs' theory of the case amounts to a claim; namely, whether final payoff of the finance agreements is sufficient to trigger a contractual obligation for Wells Fargo to refund the unearned GAP fees. See FAC at ¶ 15; Opp'n to Mot. to Dismiss at 19 (Plaintiffs arguing that "most of the notice provisions do not even apply to early payoffs – which is the only refund situation at issue" (emphasis added)). Should the Court conclude that final payoff is not sufficient to trigger such a contractual obligation, then it would not make sense to credit Plaintiffs' general allegations that they "actually and/or substantially complied with all of their obligations under the finance agreements and GAP Waivers." FAC at ¶ 62. Plaintiffs' theory of the case takes as granted that they have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |
|---|---|---|---|

| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. |
|---|---|

not "actually and/or substantially complied" will the written refund request provisions and therefore have not complied with this possible condition precedent.

The Court therefore turns to whether the written refund request provisions are in fact conditions precedent. Plaintiffs contend that the written refund request provisions are not conditions precedent, but rather promises. Opp'n to Mot. to Dismiss at 15-21. Plaintiffs correctly point out that "equity construes ambiguous contract provisions as covenants rather than conditions." MDY Industries, LLC v. Blizzard Entertainment, Inc., 629 F.3d 928, 939 (9th Cir. 2010). But, Wells Fargo describes in detail how the finance agreements' written refund request provisions contain mandatory or conditional phrases that imply that the written refund requests are conditions precedent to Wells Fargo's duty to provide a GAP refund. See Mot. to Dismiss at 10-11 (highlighting mandatory and conditional language used, including the words "must" and "if"). These provisions are not "ambiguous," and so the Court finds them to be conditions precedent.

The next question is whether these conditions precedent apply to the refund situation at issue in this case. Plaintiffs argue that the provisions cited by Wells Fargo do not apply to automatic terminations of finance agreements that occur because of an early payoff, and that they instead apply only to voluntary cancellations of the GAP Waivers before payoff of the finance agreements. See Opp'n to Mot. to Dismiss at 19-21. The Court is not persuaded by Wells Fargo's argument that the reasoning in Massih v. Jim Moran & Assocs., Inc., 542 F. Supp. 1324 (M.D. Ga. 2008), is sufficient to dismiss Plaintiffs' argument. Although the Court in Massih addressed the same argument made now by Plaintiffs, it simply dismissed the distinction between automatic termination of finance agreements and voluntary cancellation of the agreements as "a distinction without a difference" without further analysis. Id. at 1330. Massih does not contain any reasoning that convinces the Court that there indeed is no meaningful distinction. Without analyzing the contracts themselves, it is impossible to know whether this distinction does in fact make a difference.

Indeed, after examining the contracts, the Court finds that there are contracts where there is a meaningful difference between an early payoff and voluntary cancellation of the contract. In Plaintiff Sweeney's contract, for example, "termination" of the GAP Waiver would occur "4) upon payment in full of the [financing agreement]." Sweeney Contract, FAC Exhibit 14, at 102-2, p. 37. The contract further states that when "this GAP Waiver

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-332 JVS(MRWx)                    Date   September 1, 2020

Title      Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al.

terminates pursuant to items 3, 4, 5, or 6, <u>You</u> will <u>receive</u> a pro rata refund on the earliest date of 1) prepayment in full . . . ." <u>Id.</u> (emphasis added). The contract's termination provision does not contain any reference to a written refund request. <u>Id.</u> Moreover, this termination provision is distinct from the section on "cancellation" that includes the written refund request provision. <u>Id.</u> The structure of the contract therefore makes clear that there is a distinction between automatic termination and voluntary cancellation.

The Jones contract is similar in structure, albeit somewhat more ambiguous. That contract too contains separate provisions for "termination" and "cancellation" where "termination" occurs on "the date the Financing Contract is prepaid." Jones Contract, FAC Exhibit 11, at 102-2, p. 14. This contract does mention giving "[n]otice of early termination" but only says that it "may," not "must," be given. <u>Id.</u> The contract therefore lacks any mandatory language that clearly states that a condition precedent exists. As stated earlier, equity demands that the Court interpret a contract provision as a promise and not a condition precedent when there is ambiguity. <u>MDY</u> <u>Industries</u>, 629 F.3d at 939. Thus, this Court must conclude that providing "notice," much less a written refund request, is not a condition precedent to receiving a refund when the customer prepays the contract.

The remaining contracts, however, do not make such a distinction. Some are clear that even in the case of automatic termination, a written refund request still must be received for a refund to be processed. <u>See</u> Atkins Contract, FAC Exhibit 8, at 102-1, p. 50 ("It is your responsibility to notify the Dealer, in writing, of your request to cancel this addendum and request a refund/credit of the GAP charges. If you do not receive the refund/credit within 60 days of notice of cancellation/termination. . . ."); Awan Contract, FAC Exhibit 6, at 102-1, p. 39. ("When this Agreement ends because Your Finance Agreement is paid off early . . ., You must send a written request for a prorata refund of any unearned portion of the GAP Agreement Price within 90 days . . . ."); Humphreys Contract, FAC Exhibit 12, at 102-2, p. 21 ("When this Agreement ends because your Financing Agreement is paid off early, you must send proof of payoff from your financial institution."). The distinction between "termination" and "cancellation" is therefore irrelevant to whether a condition precedent exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |

| | |
|---|---|
| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. |

Other contracts mention refunds only in the context of cancellation and do not include any provisions discussing refunds when the contract "ends" or "terminates" because of early payoff. See Carter Contract, FAC Exhibit 7, at 102-1, p. 45; Corpes Contract, FAC Exhibit 10, at 102-2, p. 10; Dean Contract, FAC Exhibit 15, at 102-2, p. 47; Robinson-Eaton Contract, FAC Exhibit 9, at 102-2, p. 5; Salcedo Contract, FAC Exhibit 2, at 102-1, p. 9. Plaintiffs argue that these contracts do not make it "plainly evident or intuitive to a customer that a provision requiring notice of a cancellation would equally apply to an automatic termination, Opp'n to Mot. to Dismiss at 21 (internal citation omitted). But these contracts outline no refund situation related to automatic termination. The only section of the contract that tells the customer about a refund is the section on "cancellation" that includes the written refund request provisions. If a customer were looking for a way to get a refund, the natural reading of the contract would be to assume early payoff amounts to a "cancellation" and therefore to send a written refund request. There is no alternative category of "termination" or "ending" that more specifically describes their payoff situation. Consequently, the Court believes it would be plainly evident or intuitive that a customer with this contract who was seeking a refund would first have to send a written refund request.

This analysis leaves two categories of contracts. The first category includes the contracts of Plaintiffs Atkins, Awan, Carter, Corpes, Dean, Humphreys, Robinson-Eaton, and Salcedo, which all do include a written refund request provision as a condition precedent. The second category is the contracts for Plaintiffs Jones and Sweeney, which do not include conditions precedent. Wells Fargo argues that the FAC's contract claims must be dismissed for each of these types of contracts, while Plaintiffs raise contrary arguments with respect to each. The Court addresses each category of contract, and the relevant arguments, in turn.

> *a.*    *Contracts with a Condition Precedent*

Plaintiffs do not allege that they submitted specialized written refund requests to Wells Fargo that would satisfy the condition precedent. They do argue, however, that the checks or wire transfers that Plaintiffs use to payoff their finance agreements do constitute written refund requests, and therefore that the condition precedent is satisfied. Opp'n to Mot. to Dismiss at 21-23. But Plaintiffs did not strictly comply with the written refund request requirements even if the payoffs could constitute written refund requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |
| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. | | |

All of the contracts with a condition precedent specify that written refund requests will be made to the program administrator, see Corpes Contract at 102-2, p. 10, and Dean Contract at 102-2, p. 47, the dealer, see Atkins Contract at 102-1, p. 50 and Robinson-Eaton Contract at 102-2, p. 5, or either, see Awan Contract at 102-1, p. 39, Carter Contract at 102-1, p. 45, Humphreys Contract at 102-2, p. 21, and Salcedo Contract at 102-1, p. 9. None of them state that written refund requests can be made to the assignee, Wells Fargo. Thus, Plaintiffs have not complied with the condition precedent by paying off their finance agreements as is required under the contract. The payoffs served as requests to the wrong party.

Plaintiffs argue that this failure to comply should be excused as a form of substantial compliance. Opp'n to Mot. to Dismiss at 23-24. This argument fails as to most of the Plaintiffs. As Wells Fargo points out, substantial compliance generally cannot be used to satisfy conditions precedent. Mot. to Dismiss at 15. See Restatement (Second) of Contracts, § 237, cmt. d (1981) ("If, however, the parties have made an event a condition of their agreement, there is no mitigating standard of materiality or substantiality applicable to the non-occurrence of that event."). See also *Kinesoft Dev. Corp. v. Softbank Holdings Inc.*, 139 F. Supp. 2d 869, 889–90 (N.D. Ill. 2001) (Illinois; strict compliance required); *Edwards v. Storms*, 294 S.W. 165, 167 (Ky. 1927) (Kentucky; partial performance not sufficient); *Cambridge Techs., Inc. v. Argyle Indus., Inc.*, 807 A.2d 125, 134 (Md. Ct. App. 2002) (Maryland; substantial performance not applicable); *Macchia v. Scottish Union & Nat'l Ins. Co.*, 128 A. 244, 245 (N.J. 1925) (New Jersey; strict compliance required); *Jackson v. Richards 5 & 10 Inc.*, 433 A.2d 888, 894-95 (Pa. Super. Ct. 1981) (Pennsylvania; no substantial performance for express conditions); *Evergreen Square of Cudahy v. Wis. Housing & Econ. Dev. Auth.*, 2016 WL 53871, at *9 (E.D. Wis. Jan. 4, 2016) (Wisconsin; strict compliance required).

The exception is Salcedo, for California has applied the doctrine of substantial compliance to conditions precedent. See *FNBN Rescon I, LLC v. Citrus El Dorado, LLC*, 725 Fed. Appx. 448, 452 (9th Cir. 2018) (citing *Cline v. Yamaga*, 97 Cal. App. 3d 239, 247 (Cal. Ct. App. 1979)). Since "what constitutes substantial performance is a question of fact" in California, *Denver D. Darling, Inc. v. Controlled Environments Const., Inc.*, 89 Cal. App. 4th 1221, 1238 n.8 (Cal. Ct. App. 2001), whether Salcedo's prepayment of his financial agreement constitutes substantial performance cannot be resolved on this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |

| | |
|---|---|
| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. |

motion, and Salcedo's contract claim is not dismissed for failure to plead compliance with the condition precedent.

For the remaining Plaintiffs who were subject to the condition precedent – Atkins, Awan, Carter, Corpes, Dean, Humphreys, and Robinson-Eaton – Plaintiffs present two more reasons that their failure to plead compliance with the condition precedent should be excused. First, Plaintiffs argue that the condition precedent is unconscionable. Opp'n to Mot. to Dismiss at 26-27. But Plaintiffs' pleadings do not allege grounds sufficient to claim that the conditions precedent are unconscionable. The parties agree that Plaintiffs must show both procedural and substantive unconscionability. Mot. to Dismiss at 12-13; Opp'n to Mot. to Dismiss at 26-27. To prove procedural unconscionability, Plaintiffs only allege that the conditions precedent are contracts of adhesion, which is insufficient in each of the relevant Plaintiffs' states to show procedural unconscionability. See Ironbeam, Inc. v. Evert, 417 F. Supp. 3d 1031, 1038 (N.D. Ill. 2019) (Illinois; a "contract of adhesion" is not automatically procedurally unconscionable); Schnuerle v. Insight Communications Co., L.P., 376 S.W.3d 561, 576 (Ky. 2012) (Kentucky; requiring more than a showing than a contract of adhesion to find procedural unconscionability); Focus Music Entertainment, LLC v. Streamify, LLC, 2018 WL 6423906, at *13 (D. Md. Dec. 5, 2018) (Maryland; "[U]nder Maryland law, 'a contract of adhesion is not void per se.'" (citing Barrie Sch. v. Patch, 401 Md. 497, 517 (2007)); Montgomery v. Bristol-Myers Squibb Co., 2020 WL 3169373, at *4 (D.N.J. June 15, 2020) (New Jersey; "[c]ontracts of adhesion do not necessarily serve as proof of procedural unconscionability"); Bullock v. Foulke Management Corp., 2015 WL 6550535, at *4 (E.D. Pa. Oct. 29, 2015) (Pennsylvania; "a contract of adhesion does not constitute a procedurally unconscionable contract per se"); Wisconsin Auto Title Loans, Inc. v. Jones, 290 Wis. 2d 514, 544 (2006) (Wisconsin; "[o]rdinarily . . . adhesion contracts are valid."). Plaintiffs therefore have not sufficiently pleaded unconscionability to excuse them from failing to comply with the conditions precedent.

Second, Plaintiffs argue that disproportionate forfeiture excuses a failure of exact performance with the conditions precedent. Id. at 25-26. "'[F]orfeiture' is used to refer to the denial of compensation that results when the obligee loses his right to the agreed exchange after he has relied substantially, as by preparation or performance on the expectation of that exchange." Restatement (Second) of Contracts § 229, cmt. b (1981). The FAC, however, does not allege how Plaintiffs have been "denied" the right to claim a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-332 JVS(MRWx)                     Date   September 1,
2020

Title   Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al.

refund. While Plaintiffs do claim that Wells Fargo knowingly collected "unearned" GAP
waiver fees, FAC ¶ 7, they have not claimed that they could not now file a written refund
request and receive those fees. Without such an allegation, they have not alleged a
"forfeiture" that could be disproportionate.

Thus, Plaintiffs Atkins, Awan, Carter, Corpes, Dean, Humphreys, and Robinson-
Eaton's contract claims are all **DISMISSED** for failure to state a claim by not alleging
compliance with a condition precedent. Salcedo's contract claim survives because
substantial performance can satisfy a condition precedent under California law.

> *b.     Contracts without Condition Precedent and Salcedo's Contract*

Wells Fargo argues that any Plaintiff whose claim is not dismissed for failure to
allege compliance with the conditions precedent cannot recover on the breach of contract
claim because of failure to allege reasonable steps to mitigate their damages. Mot. to
Dismiss at 17-18. Jones, Salcedo, and Sweeney, Wells Fargo argues, could still ask it for
a refund today. Id. But the Ninth Circuit has recognized failure to mitigate damages as an
affirmative defense. 999 v. C.I.T. Corp., 776 F.2d 866, 870 n.2 (9th Cir. 1985). "Failure
to take steps to minimize damages generally is regarded as a matter of defense, and as a
rule the plaintiff is not required to allege that any steps were taken in this regard."
Anderson et al., 22 Am. Jur. 2d Damages § 713. Plaintiffs are therefore not required to
plead mitigation for their FAC to survive dismissal.

Lastly, Wells Fargo argues that Plaintiff Salcedo's contract claim is barred by the
statute of limitations since he paid off his finance agreement in May 2013. Mot. to
Dismiss at 18. The California statute of limitations for contract claims is four years. Cal.
Civ. Proc. Code § 337(a). Plaintiffs argue that Salcedo's claim is not time-barred because
Wells Fargo is under a continuing obligation to provide the refund and the FAC serves as
a renewed written refund request constituting a new breach of the contract resetting the
clock for purposes of the statute of limitations. Opp'n to Mot. to Dismiss at 28. This
theory would in practice eliminate the statute of limitations for contract claims that are
premised on request provisions, however. According to Plaintiff's logic, any time that a
plaintiff serves a complaint for failure to comply with a request provision, the defendant
would once again be put on notice of the need to perform, making the statute of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 18-332 JVS(MRWx)                    Date    September 1,
                                                              2020

Title    Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al.

limitations inapplicable to his prior similar breach. Such a result exempts any form of
notice provision in a contract from the statute of limitations, a result that belies the
purpose of a statute of limitations and which this Court cannot cognize.

Thus, this Court **GRANTS** the motion to dismiss with respect to the contract
claims of Plaintiffs Atkins, Awan, Carter, Corpes, Dean, Humphreys, Robinson-Eaton,
and Salcedo. The Court **DENIES** the motion to dismiss with respect to the contract
claims for Plaintiffs Jones and Sweeney.

    2.    *Truth in Lending Act*

Plaintiffs' second claim is for violation of 15 U.S.C. § 1666d, a provision of the
Truth in Lending Act ("TILA"). <u>See</u> FAC at ¶¶ 70-79. Wells Fargo argues that § 1666d is
inapplicable to Wells Fargo because it is an indirect auto lender. Mot. to Dismiss at 5-8.
Section § 1666d applies only to "creditor[s]" and under § 1602(g), Wells Fargo argues, a
"creditor" is only "the person to whom the debt arising from the consumer credit
transaction is initially payable. . . ." <u>Id.</u> at 6. As an indirect auto lender, Wells Fargo is not
the party to whom the debt arising under the finance agreement is originally due; the
"creditor" is the car dealership. <u>Id.</u>

Plaintiffs "acknowledge that courts outside of the Ninth Circuit have determined
that the term "creditor" as used in Section 1666d does not apply to assignees based on the
definition in Section 1602(g)." Opp'n to Mot. to Dismiss at 29. <u>See</u>, e.g., <u>Ramadan</u> v.
<u>Chase Manhattan Corp.</u>, 229 F.3d 194, 200 (3d Cir. 2000); <u>Walker</u> v. <u>Wallace Auto
Sales, Inc.</u>, 155 F.3d 927, 931 (7th Cir. 1998); <u>Ellis</u> v. <u>General Motors Acceptance Corp.</u>,
160 F.3d 703, 709 (11th Cir. 1998). Still, Plaintiffs urge this Court to rule otherwise
because it believes "the Ninth Circuit would reach a different conclusion" and avoid what
it describes as an inadvertently created "loophole." <u>Id.</u> at 30.

The Court declines this invitation and chooses instead to follow the Second Circuit.
<u>See Vincent</u> v. <u>The Money Store, TMS</u>, 736 F.3d 88, 105-07 (2d Cir. 2013). While there
may be some evidence suggesting that the inapplicability of § 1666d to indirect lenders
was not part of Congress's intent, <u>see id.</u> at 107-09, the Court must abide by the plain text
of the statute. Moreover, Congress retains the ability to amend the TILA to fix this
"loophole" if it sees fit. For now, we follow the plain text of the statute and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-332 JVS(MRWx)               Date    September 1,
2020

Title      Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al.

commentary in the Code of Federal Regulations that makes all the more clear that §
1666d does not apply to indirect lenders like Wells Fargo. 12 C.F.R. Pt. 226, Supp. I,
Subpt. A at 300, ¶ 2(a)(17)(i)(2) ("If an obligation is initially payable to one person, that
person is the creditor even if the obligation by its terms is simultaneously assigned to
another person.").

The Court therefore **GRANTS** Wells Fargo's motion to dismiss Plaintiffs' TILA
claims.

3.      *Money Had and Received*

Plaintiffs' third claim is that Wells Fargo had and received money that properly
belongs to Plaintiffs. To maintain an action for money had and received, a plaintiff must
show that the defendant: 1) received money, and 2) that the money "in equity and good
conscience" belongs to the plaintiff. See, e.g., Avidor v. Sutter's Place, Inc., 212 Cal.
App. 4th 1439, 1454 (2013).[1]

Wells Fargo argues that Plaintiffs have not sufficiently alleged that Wells Fargo
received the unearned GAP fees. The Court disagrees. The FAC specifically alleges that
Wells Fargo collects unearned GAP fees from customers. See FAC ¶ 111 ("Wells Fargo
collects the unearned GAP fees for the remaining term of the loan."). Wells Fargo's
emphasis on the customer's payments to the dealer, Mot. to Dismiss at 19-20, ignores
how the FAC alleges that payments are made to Wells Fargo following assignment. See
FAC ¶ 8.

Wells Fargo also contends that Plaintiffs do not sufficiently allege that the money
"belongs" to the Plaintiffs because they have failed to sufficiently allege compliance with
the condition precedent of providing a written refund request. Mot. to Dismiss at 20.
Plaintiffs respond that Wells Fargo implicitly acknowledges that the money "belongs" to
Plaintiffs by claiming that they can always request a refund now, Opp'n to Mot. to
Dismiss at 32. But Wells Fargo is instead arguing that the unearned GAP fees are
properly considered to belong to the Plaintiffs on fulfillment of the written refund request

[1]The parties agree that claims for money had and received in all states include these two
elements. See Mot. to Dismiss at 18; Opp'n to Mot. to Dismiss at 32 n.15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |
| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. | | |

provisions when those provisions are conditions precedent. Otherwise, Wells Fargo does not have a contractual obligation to provide the refund and it does not "belong" to the Plaintiffs per the terms of the contract. Wells Fargo is therefore correct that Plaintiffs have not sufficiently alleged that the unearned GAP fees belong to the Plaintiffs and the Court **DISMISSES** the money had and received claims with respect to Plaintiffs Atkins, Awan, Carter, Corpes, Dean, Humphreys, and Robinson-Eaton, whose contracts contain written refund request provisions as conditions precedent and whom Plaintiffs have not alleged submitted a written refund request. Further, the Court **DISMISSES** the money had and received claim for Plaintiff Salcedo, whose claim Plaintiffs admit is time-barred. See Opp'n to Mot. to Dismiss at 34 n.16.

The Court finally turns to Plaintiffs Griffin, Jones and Sweeney's claims, whose contracts were not found to have contained conditions precedent. Wells Fargo argues that under Ohio and Texas law, which governs Jones and Sweeney's claims respectively, see FAC ¶ 55., money had and received claims are barred where an express contract governs. Mot. to Dismiss at 20-21. Although Plaintiffs argue that in Ohio and Texas claims for money had and received can be found where an express contract governs, the Court finds that not to be the prevailing law. See Kincaid v. Erie Ins. Co., 183 Ohio App. 3d 748, 756 (Ohio Ct. Apps. 2009) ("[U]njust enrichment cannot exist where there is a valid and enforceable written contract."); Norhill Energy LLC v. McDaniel, 517 S.W. 3d 910, 918-19 (Tex. Ct. Apps. 2017) (finding that equitable theories of remedy are barred where an express contract governs the parties' obligations). Since Plaintiffs do not allege that the GAP waiver addendums are not enforceable contracts, they have not sufficiently alleged that an express contract does not govern and their claims are **DISMISSED**.

As Wells Fargo does not make any further arguments that Plaintiff Griffin's claims should be dismissed, Wells Fargo's motion with respect to Plaintiff Griffin is **DENIED**..

### 4.   *California Claims*

Plaintiffs further allege a California class represented by Plaintiff Salcedo that advances claims against Wells Fargo under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17203, and California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770. FAC ¶¶ 85-101.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-332 JVS(MRWx)                    Date   September 1, 2020

Title   Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al.

Wells Fargo argues that Salcedo's claims must be dismissed because they are both barred under the relevant statute of limitations. Mot. to Dismiss at 22-23. "Under the CLRA, the limitations period begins to run on the date the improper consumer practice was committed." Keegan v. Am. Honda Motor Co., 284 F.R.D. 504, 543 (C.D. Cal. 2012). The CLRA's statute of limitations is three years. Cal. Civ. Code § 1783. Since Salcedo alleges that the harm was the "insert[ion] of an unconscionable provision" into his GAP agreement in February 2011, FAC ¶ 29, 97-99, his claim would be time-barred as of February 2014. Similarly, causes of action under the UCL "accrue[] when the harm [is] completed." Shin v. Washington Mut. Bank, F.A., 2018 WL 4491185, at *9 (N.D. Cal. Sept. 19, 2018). Since the UCL statute of limitations if four years, Cal. Bus. & Prof. Code § 17208, and the FAC alleges that Salcedo's claim accrued when he paid off the finance agreement in May 2013, FAC ¶ 29, 92. Salcedo's claim was time-barred in May 2017.

Plaintiffs argue that Salcedo's claim is not time-barred for the same reason that his contract claim was not time-barred; namely, that the filing of the FAC served as a new written refund request. Opp'n to Mot. to Dismiss at 37-39. First this argument would not apply to Salcedo's CLRA claim, which accrued on insertion of the unconscionable provision. For Salcedo's UCL claim, however, this would create the same loophole around the statute of limitations that was outlined with respect to Salcedo's contract claims. See, supra, Part III.A.2.b. In effect, it would be impossible for the statutes of limitation to apply to Salcedo's claim or any other claim where the filing of a lawsuit could trigger the breach by the defendant that the plaintiff alleges. This would be, an unreasonable result.

Plaintiffs alternatively argue that Salcedo's claims are not time-barred because under the delayed discovery rule, a UCL claim only accrues "when a reasonable person would have discovered the factual basis for a claim." Aryeh v. Canon Business Solutions, Inc., 55 Cal. 4th 1185, 1195 (2013). See Opp'n to Mot. to Dismiss at 38. But for Salcedo to take advantage of this exception to the statute of limitations, he would have to so plead in his complaint. Plaintiffs have failed to plead when Salcedo learned of the factual basis for his claim, meaning that the delayed discovery rule cannot save his claim.

The Court therefore **DISMISSES** Plaintiff Salcedo's California claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 18-332 JVS(MRWx)                    Date    September 1,
                                                             2020

Title    Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al.

5.    *Claim for Declaratory Relief*

Wells Fargo finally argues that this Court should dismiss Plaintiff's claims for
declaratory relief. The FAC's requests for declaratory relief can be broken into two
groups. The first includes requests that seek to resolve consumers' rights to refunds based
on the GAP waiver contracts. FAC ¶¶ 105(a)-(b). The second includes requests for
declarations that Wells Fargo is required to repay unearned GAP fees and interest under
certain State statutes and regulations. FAC ¶¶ 105(c)-(d).

a.    *Breach-of-Contract Requests*

Wells Fargo first claims that the requests for declaratory relief with respect to
Wells Fargo's contract obligations should be dismissed because any relevant dispute will
be resolved in Plaintiffs' associated breach-of-contract claims. Mot. to Dismiss at 24.
Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an
appropriate pleading, may declare the rights and other legal relations of any interested
party seeking such declaration, whether or not further relief is or could be sought." "The
existence of another adequate remedy does not preclude a judgment for declaratory relief
in cases where it is appropriate." Fed. R. Civ P. 57. "Declaratory relief is appropriate,
however, where a breach of contract claim will not settle all of the contractual issues
concerning which plaintiff seeks declaratory relief." StreamCast Networks, Inc. v. IBIS
LLC, 2006 WL 5720345, at *4 (C.D. Cal. May 2, 2006).

Here, declaratory relief could go beyond the issues that are to be determined in the
breach-of-contract claims. Plaintiffs correctly note that disposition of this breach-of-
contract claim might not resolve whether Plaintiffs have a continuing opportunity to
request a refund of the unearned GAP fees from Wells Fargo. Opp'n to Mot. to Dismiss
at 39. The Court therefore rejects the argument that the contract claims subsume
Plaintiffs' requests for declaratory judgment as to Wells Fargo's obligations under the
contract.

Plaintiffs do not, however, respond to Wells Fargo's argument that requests for
declaratory judgments must be denied where the plaintiff has not stated the underlying
associated claim. Mot. to Dismiss at 24. See Gamble v. GMAC Mortg. Corp., 2009 WL
400359, at *2 (N.D. Cal. Feb. 18, 2009). The Court therefore considers the argument to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |
|----------|------------------------|------|-------------------|

| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. |
|-------|-----------------------------------------------------------|

have been waived.

The Court therefore **GRANTS** Wells Fargo's motion to dismiss Plaintiffs' first and second requests for declaratory judgment with respect to Plaintiffs Atkins, Awan, Carter, Corpes, Dean, Humphreys, Robinson-Eaton, and Salcedo, whose breach-of-contract claims have been dismissed. The Court **DENIES** Wells Fargo's motion to dismiss Plaintiff's first and second requests for declaratory judgment with respect to Plaintiffs Griffin, Jones, and Sweeney, whose breach of contract claims survive.

        *b.*    *Statutory Requests*

Wells Fargo then argues that the Plaintiffs do not have standing to request a declaratory judgment under a statute or regulation of a state in which they do not reside or in which they have not sustained an injury. Plaintiffs do not dispute that Tex. Admin. Code § 83.812 does not apply to Wells Fargo under an exclusion for national banks in the term "licensees" and that Wis. Stat. § 218.0148 does not apply to Plaintiff Dean because she paid off her loan before that statute came into effect. This leaves Plaintiff seeking declaratory relief exclusively under state statutes of states in which Plaintiffs do not reside.

"Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." Jones v. Micron Tech., Inc., 400 F. Supp. 3d 897, 906-07 (N.D. Cal. 2019) (collecting cases). This rule holds true here, where the state laws under which declaratory relief are sought do not have similar analog statutes that are from Plaintiffs' states and under which Plaintiffs clearly have standing. In short, this is not a "sister state" situation as Plaintiffs allege.

Under Plaintiffs' theory, Plaintiffs have standing to request a declaratory judgment under the laws of states in which the Plaintiffs do not live because the Plaintiffs would still be "typical" of the class members in those states. Opp'n to Mot. to Dismiss at 40. But, it would be impossible for any of the named plaintiffs to be "typical" of similar consumers in these other jurisdictions because the Plaintiffs could not assert a similar claim as the ones alleged in the FAC. As such, because Plaintiffs cannot assert standing under laws of states where Plaintiffs do not reside and did not receive an injury, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 18-332 JVS(MRWx)                    Date    September 1, 2020

Title       Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al.

**GRANTS** Well's Fargo's motion to dismiss Plaintiff's third and fourth requests for declaratory judgment.

**B.      Wells Fargo's Motion to Strike the Nationwide Proposed Classes**

Wells Fargo also submits a motion to strike two proposed nationwide classes from the FAC. Plaintiffs first seek to represent the following nationwide class:

**Nationwide Class**: Plaintiffs seek to represent a nationwide class including all persons: (1) who entered into finance agreements with GAP Waivers that were assigned to Wells Fargo, (2) who paid off their finance agreements before the end of the loan term, and (3) who did not receive a refund of the unearned GAP fees collected by Wells Fargo and/or the accrued interest on those unpaid amounts (the "Nationwide Class"). On behalf of the Nationwide Class, Plaintiffs are asserting claims against Wells Fargo for breach of contract, violations of the Truth-In-Lending Act ("TILA"), money had and received and declaratory relief. The class period is based on the applicable statutes of limitations.

FAC ¶ 36(a). Plaintiffs further seek to represent the following alternative nationwide class:

**Alternative Nationwide Subclasses Limited to Specific GAP Waiver forms.** As an alternative to the Nationwide Class, each named Plaintiff seeks to represent a subclass of consumers who fit the definition of the Nationwide Class, but each subclass will be limited to only those individuals who entered the identical GAP Waiver forms as the representative Plaintiff (the "Alternative Nationwide Subclasses"). Each representative Plaintiff will represent a separate "Alternative Nationwide Subclass" limited to consumers who entered their identical GAP Waiver form. The applicable GAP Waiver forms are attached hereto as Exhibits 1 through 16. The Parties will be able to identify which customers entered the same GAP Waiver forms as each representative Plaintiff by referencing the "form identification numbers" located on the first page of the GAP Waiver addendums. On behalf of the Alternative Nationwide Subclasses, Plaintiffs are asserting claims against Wells Fargo for breach of contract, violations of TILA, money had and received and declaratory relief. The class period is based on the applicable statutes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |
|---|---|---|---|

| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. |
|---|---|

of limitations.

FAC ¶ 36(e).

Under Federal Rule of Civil Procedure 23(a), a Plaintiff must show for a proposed class that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Under Federal Rule of Civil Procedure 23(b)(3), as is relevant here, the Plaintiff must further show that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Wells Fargo's primary argument is that the need to apply the laws of fifty different states to resolve Plaintiffs' claims means that the proposed nationwide classes would not satisfy the commonality and predominance requirements under Federal Rule of Civil Procedure 23 as to Plaintiffs' contract claims, money had and received claim, and requests for declaratory relief. Mot. to Strike at 7-8, 17, 21. Plaintiffs respond that it is premature to strike the nationwide class before class certification and the chance for discovery. Opp'n to Mot. to Dismiss at 9-11. Plaintiffs further argue that questions of fact, particularly the similarities between the contract forms and Wells Fargo's treatment of the GAP Waivers creates a core of facts and law that are common and predominate. Id. At 11-17. Finally, Plaintiffs argue that Wells Fargo's claimed variations in state law are not genuine or insufficient to prevent class certification. Id. at 21-29, 30-32.

The Court concludes that it is premature to strike the nationwide class and so **DENIES** Wells Fargo's motion to strike the nationwide classes. While class allegations can be stricken prior to a motion for class certification, that is an exception rather than the rule. See Cholakyan v. Mercedes-Benz USA, LLC, 796 F. Supp. 2d 1220, 1245-46 (C.D. Cal. June 30, 2011) (collecting cases). Deciding whether the alleged classes can be maintained is properly done on a motion for class certification because at that point "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |
|---|---|---|---|

| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. |
|---|---|

parties have had an opportunity to conduct class discovery and develop a record." Shein v. Canon U.S.A., Inc., 2009 WL 3109721, at *10 (C.D. Cal. Sept. 22, 2009). This reason against striking classes prior to the class certification stage is particularly relevant here where Plaintiffs have stated an intent to first certify narrow state-wide subclasses as bellwether cases before determining whether it is appropriate to move on to larger nationwide classes. See Decl. Of Andrew Stolper, ECF No. 164, Ex. 2 at 28:14 - 32:12.

Wells Fargo relies heavily on Mazza v. American Honda Motor Co., Inc. 666 F.3d 581 (9th Cir. 2012), to argue that motions to strike nationwide class allegations at the pleading stage have become increasingly common among Ninth Circuit courts. Reply to Mot. to Strike at 2-4. But Mazza is distinguishable from this case because Mazza involved a motion for class certification and not a motion to strike class allegations. 666 F.3d at 585. Moreover, courts in the Ninth Circuit still regularly decline to strike nationwide class allegations prior to class certification despite Mazza. See Wolf v. Hewlett Packard Co., 2016 WL 8931307, at *8 (collecting cases).

The Court therefore **DENIES** Wells Fargo's motion to strike Plaintiffs' nationwide class allegations.

## C.    Leave to Amend

Plaintiffs seek leave to amend the allegations of its complaint. Opp'n to Mot. to Dismiss at 40. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

In the absence of an "apparent or declared reason," such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, prejudice to the opposing party, or futility of amendment, it is an abuse of discretion for a district

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |
|---|---|---|---|

| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. |
|---|---|

court to refuse to grant leave to amend a complaint. <u>Foman</u> <u>v.</u> <u>Davis</u>, 371 U.S. 178, 182 (1962); <u>Moore</u> <u>v.</u> <u>Kayport</u> <u>Package</u> <u>Express,</u> <u>Inc.</u>, 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." <u>Eminence</u> <u>Capital, LLC</u> <u>v.</u> <u>Aspeon,</u> <u>Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." <u>Steckman</u> <u>v.</u> <u>Hart</u> <u>Brewing</u>, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

Here, the Court does not find that there was undue delay given that Plaintiff's complaint has only once been amended. The Court is not convinced that the action was filed in bad faith. Finally, the Court is not convinced that any amendment of the FAC would be futile or that Wells Fargo will be unduly prejudiced. Therefore, the Court **GRANTS** Plaintiffs 30 days leave to amend their claims.

### IV. Conclusion

For the foregoing reasons, the Court:

• **GRANTS IN PART** and **DENIES IN PART** Wells Fargo's motion to dismiss the FAC, and

• **DENIES** Wells Fargo's motion to strike.

Dismissal is without prejudice. Plaintiffs have 30 days to amend.

The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 1, 2020 |
|----------|------------------------|------|-------------------|

| Title | Armando Herrera, et al. v. Wells Fargo Bank, N.A., et al. |
|-------|------------------------------------------------------------|

|  | : | 0 |
|--|---|---|
| Initials of Preparer | lmb | |