**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 8, 2020 |
|---|---|---|---|

| Title | Armando Herrera et al. v. Wells Fargo Bank, N.A. |
|---|---|

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** | |
|---|---|---|
| Lisa Bredahl | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Compel Arbitration**

Defendant Wells Fargo Bank N.A., d/b/a Wells Fargo Auto f/k/a Wells Fargo Dealer Services, Inc., and Wells Fargo & Company (collectively, "Wells Fargo") move to compel Armando Herrera ("Herrera"), Monica Herrera, Dena Lucero, Frederick Brown, Vanity Arrington, and Rita Marteins (collectively, the "Arbitration Plaintiffs") to arbitration. Mot., ECF No. 127. Of the six Arbitration Plaintiffs, only Plaintiff Herrera opposed. Opp'n, ECF No. 146. Wells Fargo replied. Reply, ECF No. 155. Following the Court's publication of a tentative order, Herrera filed a request for oral argument on the motion to compel arbitration. Req. for Oral Argument, ECF No. 165. Wells Fargo opposed the request. Opp'n to Oral Argument, ECF No. 172.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

The Arbitration Plaintiffs allege that Wells Fargo knowingly collects unearned fees for Guaranteed Automobile Protection ("GAP") Waivers ("GAP Agreements")[1] and refuses to refund them despite its contractual obligation to do so. First Amended Complaint ("FAC") ¶ 1, ECF No. 102. As a part of their retail installment sales contract

---

[1] A GAP Agreement is an addendum to a finance agreement, which provides that if a customer suffers a total loss in an accident, the customer will be paid the difference between the insurance payout based upon the vehicle's value and the remaining balance on the loan in exchange for a GAP fee. See FAC ¶¶ 4-6.

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 8, 2020 |
|---|---|---|---|
| Title | Armando Herrera et al. v. Wells Fargo Bank, N.A. | | |

("RISC(s)") when purchasing a vehicle at differing dealerships, the Arbitration Plaintiffs agreed to obtain GAP Agreements. Id. ¶¶ 8, 28, 29. The dealerships then sold and assigned the Arbitration Plaintiffs' GAP Agreements to Wells Fargo and remitted a portion of the purchase price. Id. ¶¶ 8, 22, 28. Upon the purchase of the RISCs, Wells Fargo took over all rights and obligations under the agreement as the assignor. Id. ¶¶ 54, 57.

The terms of the GAP waiver provide that if a finance agreement is paid off early, a customer will be entitled to a prorated refund of the cost of the GAP Agreement for the remaining unused term of the contract. Id. ¶¶ 7, 58. The Arbitration Plaintiffs allege that after they paid off their finance agreements early, Wells Fargo informed them how much they owed for this early payoff and included in that amount certain fees for GAP agreements for protection through the original maturity date, even though their contracts were paid off early, and such protection was no longer necessary or usable. Id. ¶¶ 11, 29, 60, 61. Wells Fargo allegedly actively conceals its obligation to issue the refund and denies any obligation to return the unearned GAP fees, opting instead to send a uniform letter stating that customers "may" be entitled to a refund and recommending they contact the original dealer that sold them the car about a "possible refund." Id. ¶¶ 13-14. Although Wells Fargo receives written notice of an early payoff, it ignores its obligation to refund its fees collected from the GAP Agreement. Id. ¶¶ 15-17.

According to the terms of the contract, the GAP Agreement is optional, can be canceled by the customer at any time, and permits the Arbitration Plaintiffs to request a partial refund of the amount paid for GAP in the event of early cancellation. Id. ¶¶ 4, 22, 28. Each of the Arbitration Plaintiff's purchase is documented in both the RISC and in a GAP Agreement, which amends the RISC and sets forth the terms and conditions of the GAP. See Declaration of James W. McLawhorn ("McLawhorn Decl."), Exs. A-E, Q, ECF No. 125. Each RISC contains its own choice-of-law clause for the state in which the RISC was executed. Id. As a part of their RISC, the Arbitration Plaintiffs executed arbitration agreements, which allows either Wells Fargo or the Arbitration Plaintiffs to choose to have any dispute decided by arbitration rather than in a court or by jury trial. Id.

Such arbitration agreements are broad, taking for example Herrera's Arbitration

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-332 JVS(MRWx) | Date | September 8, 2020 |
| Title | Armando Herrera et al. v. Wells Fargo Bank, N.A. | | |

Agreement, which covers:

> "[a]ny claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation in scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to. . . this contract or any resulting transaction or relationship. . . shall, at your or our election, be resolved by neutral, binding arbitration and not be court action. . . Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. . . If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable."

McLawhorn Decl., Ex. C.

The Arbitration Plaintiffs assert the following causes of action: (1) breach of contract; (2) violation of the Truth in Lending Act ("TILA"); (3) money had and received; (4) violation of California's Unfair Competition Law ("UCL"); (5) violation of California's Consumer Legal Remedies Act ("CLRA"); and (6) a claim for declaratory relief. FAC ¶¶ 52-105.

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding pending resolution of the arbitration. 9 U.S.C. §§ 3, 4. The FAA eliminates district court discretion and requires a court to compel arbitration of issues covered by the arbitration agreement. Dean Witter Reynolds, Inc., v. Byrd, 470 U.S. 213, 218 (1985). The FAA limits the district court's role to determining whether a valid agreement to arbitrate exists and whether the

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-332 JVS(MRWx) | Date | September 8, 2020 |
| Title | Armando Herrera et al. v. Wells Fargo Bank, N.A. | | |

agreement encompasses the disputes at issue. Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000).

Applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2. Ticknor v. Choice Hotels Int'l, Inc., 265 F.3d 931, 937 (9th Cir. 2001) (internal citation omitted). However, "where a party specifically challenges arbitration provisions as unconscionable and hence invalid, whether the arbitration provisions are unconscionable is an issue for the court to determine, applying the relevant state contract law principles. This rule applies even where the agreement's express terms delegate that determination to the arbitrator." Jackson v. Rent-A-Center West, Inc., 581 F.3d 912, 918-19 (9th Cir. 2009), rev'd on other grounds by Rent-A-Center, West, Inc. v. Jackson, 130 S.Ct. 2772 (2010).

A court may consider evidence beyond the complaint in ruling on a motion to compel. See Guadagno v. E*Trade Bank, 592 F. Supp. 2d 1263, 1266–69 (C.D. Cal. 2008) (examining declarations and exhibits in ruling on a motion to compel arbitration under the FAA). The party seeking to compel arbitration must prove the existence of an agreement to arbitrate by a preponderance of the evidence standard. Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014). If the moving party carries this burden, the opposing party must prove any contrary facts by the same burden. Castillo v. CleanNet USA, Inc., 2018 WL 6619986, at *10 (N.D. Cal. Dec. 18, 2018) (citing Bruni v. Didion, 160 Cal. App. 4th 1272, 1282 (Cal. App. 2008) ("The petitioner bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense.")). "In these summary proceedings, the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony received at the court's discretion, to reach a final determination." Bruni, 160 Cal. App. 4th at 1282.

### III. DISCUSSION

**A. Motion to Compel Arbitration**

Under the FAA, arbitration must be compelled where (1) a valid agreement to

Case 8:18-cv-00332-JVS-MRW   Document 180   Filed 09/08/20   Page 5 of 11   Page ID #:3049

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 8, 2020 |
|---|---|---|---|
| Title | Armando Herrera et al. v. Wells Fargo Bank, N.A. | | |

arbitrate exists, and (2) the agreement encompasses the claims at issue. See Chiron Corp., 207 F.3d at 1130.

Arbitration Plaintiffs Dena Lucero, Frederick Brown, Vanity Arrington, and Rita Marties do not oppose Wells Fargo's motion to compel arbitration of their claims and further agree with Wells Fargo that the Court should retain jurisdiction of their claims but stay further proceedings as to their individual claims only. Opp'n at 4. Accordingly, the Court **GRANTS** Wells Fargo's motion as to Plaintiffs Dena Lucero, Frederick Brown, Vanity Arrington, and Rita Martiens.

While Herrera and Wells Fargo do not dispute that the Arbitration Agreement encompasses the claims at issue, Herrera opposes the motion on the basis that the Arbitration Agreement is invalid. Id. at 8-12. Herrera argues that he is seeking a public injunction under the UCL and the CLRA for (among other things) "an order requiring Wells Fargo to cease its deceptive practices, on a going forward basis, by either (1) subtracting the unearned GAP fees from the total payout amount quoted to customers for an early payoff; or (2) promptly and directly refunding those unearned fees to the customers after they are collected by Wells Fargo." FAC ¶¶ 93, 100; Mot at 9. Herrera contends that this is a request for a public injunction because it would benefit the general public and not Herrera. Id. Herrera challenges the validity of the Arbitration Agreement, arguing that the Arbitration Agreement may waive Herrera's right to seek a public injunction. Id. Herrera notes that during Wells Fargo's meet and confer process, "Wells Fargo took the position that the class action waiver in Herrera's arbitration agreement precludes the arbitrator from issuing a public injunction in connection with Herrera's claims for violations of California's Business & Professions Code § 172000. . . and the Consumer Legal Remedies Act." Id. at 4.

                1.      *What the Court Must Find to Invalidate the Arbitration Agreement*

A logically preliminary matter is to determine what findings would support the conclusion that the arbitration clause is invalid. In McGill, the California Supreme Court held that a private plaintiff who otherwise has standing can file a lawsuit on his own behalf that "seeks, as one of the requested remedies, injunctive relief 'the primary purpose and effect of' which is 'to prohibit and enjoin conduct that is injurious to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-332 JVS(MRWx) | Date | September 8, 2020 |
| Title | Armando Herrera et al. v. Wells Fargo Bank, N.A. | | |

general public.'" McGill v. Citibank, N.A., 2 Cal. 5th 945, 959 (2017). Following McGill, the Ninth Circuit has recognized that any contract provision (including arbitration agreements) that purports to waive a plaintiff's right to seek a public injunction under the UCL and CLRA is unenforceable. Blair v. Rent-A-Center, Inc., 928 F.3d 819, 822 (9th Cir. 2019). Because the Arbitration Agreement binds Herrera to arbitration rather than the courts, if a public injunction is not available through arbitration, the agreement is unenforceable. Id. at 822. But where the plaintiff does not seek a public injunction, the McGill rule is inapplicable, and the arbitration agreement is not invalidated. Sponheim v. Citibank, 2019 WL 2498938, at *5 (C.D. Cal. June 10, 2019) (collecting cases determining first whether plaintiff is seeking a public injunction before analyzing whether McGill applies).

In his request for oral argument on this motion to compel arbitration, Herrera argues that "if an arbitration agreement improperly prohibits public injunctions and has a 'poison pill' invalidating the agreement as a result, then such an agreement is unenforceable regardless of the specific relief sought." Req. for Oral Argument at 6 (citing Cottrell . AT&T, Inc., 2020 WL 2747774, at *7 (N.D. Cal. May 27, 2020); Lotsoff v. Wells Fargo, N.A., 2019 WL 4747667, at *4-5 (S.D. Cal. Sept. 30, 2019)). But Herrera raises this argument for the first time in his request for oral argument. It is improper to raise new arguments in a reply brief, and this rule applies only more strongly in a request for oral argument following the submission of the parties' briefs. See Sandoval v. Law Office of John Bouzane, 2016 WL 7383535, at *2 (C.D. Cal. Jan. 5, 2016). The Court therefore considers this argument to have been waived.

The Court must therefore find both that Herrera is seeking a public injunction and that the arbitration agreement bars the arbitrator from granting public injunctions for the Court to deny Wells Fargo's motion to compel arbitration.

### 2. *Whether Herrera Properly Seeks a Public Injunction*

The Court therefore turns to whether Herrera is seeking a public injunction. "Merely requesting relief which would generally enjoin a defendant from wrongdoing does not elevate requests for injunctive relief to requests for public injunctive relief." Wright v. Sirius XM Radio Inc., 2017 WL 4676580 at *9 (C.D. Cal. 2017). The purpose

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-332 JVS(MRWx) | Date | September 8, 2020 |
| Title | Armando Herrera et al. v. Wells Fargo Bank, N.A. | | |

of public injunctive relief is "to remedy a public wrong, not to resolve a private dispute, and any benefit to the plaintiff requesting such relief likely would be incidental to the general public benefit of enjoining such a practice." McGill, 2 Cal. 5th at 961.

Herrera seeks an order "enjoining Wells Fargo from collecting and failing to promptly refund unearned GAP fees after the early payoff of the finance agreement." FAC ¶ 93, 100. Herrera warns that, "[w]ithout such an order, there is a continuing threat to Plaintiffs and the members of the California Unfair Business Practices Subclass, as well as to the members of the general public, that Wells Fargo will continue to improperly keep possession of unearned GAP fees and fail to refund such fees to California consumers." Id.

Wells Fargo argues that Herrera cannot rely on McGill to avoid the consequences of the arbitration provision because Herrera does not actually seek public injunctive relief in this case. Reply at 7-11. To support this contention, Wells Fargo asserts that Herrera's request for a public injunction is focused on the plaintiffs in this case, not on the public. Id. at 8. The Court agrees.

As Wells Fargo notes, even if a public injunction was granted "enjoining Wells Fargo from collecting and failing to promptly refund unearned GAP fees after the early payoff of the finance agreement," such an injunction would only benefit someone who had (1) purchased a GAP Agreement, (2) financed the cost of that agreement, (3) had that agreement assigned to Wells Fargo, (4) had paid off their loan early, and (5) would have not already received a refund of the GAP fees. Reply at 9. Herrera describes purported class members as individuals "(1) who entered into finance agreements with GAP Waivers that were assigned to Wells Fargo, (2) who paid off their finance agreements before the end of the loan term, and (3) who did not receive a refund of the unearned GAP fees collected by Wells Fargo. . . ." FAC ¶ 36.

Herrera's "decision to label his claim as one for a 'public injunction' seems dubious "because the proposed remedy runs directly to the Plaintiffs and those similarly situated. . . with the public benefitting only collaterally." See Rogers v. Lyft, Inc., 2020 WL 1684151 at *10 (N.D. Cal. 2020). Herrera does not seek an injunction primarily benefitting the public, but instead seeks an injunction benefitting a small group of

Case 8:18-cv-00332-JVS-MRW Document 180 Filed 09/08/20 Page 8 of 11 Page ID #:3052

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 8, 2020 |
|---|---|---|---|
| Title | Armando Herrera et al. v. Wells Fargo Bank, N.A. | | |

individuals similarly situated to him. See Wright, 2017 WL 4676580 at *9 (finding public injunctive relief was not being sought where a requested injunction would only benefit a particular class of people rather than the general public); see also Johnson v. JP Morgan Chase Bank, N.A., 2018 WL 4726042 at *7 (C.D. Cal. 2018) (finding the plaintiff did not seek public injunctive relief despite an express prayer for public injunctive relief because upon closer inspection, the plaintiff actually intended to seek redress for and prevent further injury to a group of plaintiffs that had already been injured by a bank's imposition of fees, not the general public).

Accordingly, the Court concludes that Herrera is not seeking a public injunction. Herrera's mere purported interest in a public injunction is not enough to invalidate his arbitration agreement under McGill because he seeks an injunction benefitting primarily those who would qualify as purported class members, not the general public.

This conclusion that Herrera is not seeking a public injunction is reinforced by the Court's finding that Herrera does not have standing to seek a public injunction. Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 973 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (citation and internal quotation marks omitted). "A plaintiff must demonstrate constitutional standing separately for each form of relief requested." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 967 (9th Cir. 2018).

Judicial power under Article III "exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit

**JS-6/STAYED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-332 JVS(MRWx) | Date | September 8, 2020 |
| Title | Armando Herrera et al. v. Wells Fargo Bank, N.A. | | |

others collaterally." Warth v. Seldin, 422 U.S. 490, 499 (1975). Therefore, Herrera cannot proceed on California's right to seek public injunctive relief alone, because that authorization standing alone does not confer standing in federal court. Hollingsworth v. Perry, 570 U.S. 693, 715 (2013).

Plaintiffs may sometimes request public injunctive relief in the course of combating an actual and imminent threat of future harm to themselves. See Davidson, 889 F.3d at 969-70. However, here Herrera does not allege any intention to purchase a GAP Agreement again, finance another auto loan with Wells Fargo, or pay off that loan before maturity. On the contrary, Herrera admits a lack of actual or imminent injury as he describes his request for a public injunction as primarily benefitting "the general public and would not benefit Herrera, as he is now aware of Wells Fargo's practice and has already been injured by it." Opp'n at 9.

As already discussed, the Court is not convinced that Herrera's request for a public injunction would primarily benefit the general public. However, even if it did, Herrera has not adequately shown standing for this particular claim because he has not addressed how his actual or imminent injury would be redressed by a favorable decision. Therefore, Herrera has not shown an actual or imminent injury to himself sufficient to support public injunctive relief. Accordingly, this Court would be unable to grant him the public injunction he alleges to seek.

Since the Court has found that Herrera is not seeking a public injunction, and that he would not have standing to do so even if he did seek a public injunction, the Court can therefore **GRANT** Wells Fargo's motion to compel arbitration as to Plaintiff Herrera.

### 3. *Whether the Arbitrator Has the Power to Issue A Public Injunction*

The Court finally turns to whether the arbitration provision allows the arbitrator to issue a public injunction. "[P]arties may delegate the adjudication of gateway issues to the arbitrator if they 'clearly and unmistakably' agree to do so." Portland Gen. Elec. Co. v. Liberty Mut. Ins. Co., 862 F.3d 981, 985 (9th Cir. 2017). Here, the Arbitration Agreement covers "[a]ny claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation of this Arbitration Provision, and the arbitrability of the

JS-6/STAYED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-332 JVS(MRWx) | Date | September 8, 2020 |
| Title | Armando Herrera et al. v. Wells Fargo Bank, N.A. | | |

claim or dispute). . . shall be resolved by neutral, binding arbitration and not by court action." McLawhorn Decl., Ex. C. Both Herrera and Wells Fargo agree that the arbitration agreement does not give the arbitrator the authority to grant public injunctions. See Opp'n at 11; Reply at 3 ("Wells Fargo agrees with Herrera that the requirement of the Arbitration Agreement that any arbitration proceed "on an individual basis and not as a class action" precludes public injunctive relief.").

Wells Fargo contends, however, that the threshold question of whether or not a public injunction is available through arbitration is itself a question delegated to the arbitrator, despite both parties agreeing that the arbitration agreement does not allow the arbitrator to grant a public injunction. Reply at 3-5. Wells Fargo casts this agreement as still leaving open a question about "the interpretation of this Arbitration Provision" that is delegated to the arbitrator. Id. at 4-5. But the delegation provision only extends to any "claim or dispute" between the parties. McLawhorn Decl. Where the parties agree on the scope of the arbitration provision, there is no "claim or dispute" between the parties. Most generously interpreted, Wells Fargo's argument boils down to merely taking issue with whether the parties' agreement on the scope of the arbitration agreement is itself a "claim or dispute," which is not delegated to the arbitrator under the plain terms of the arbitration provision.

The Court therefore can agree with the parties that the Arbitration Agreement does not permit the arbitrator to grant a public injunction.

\* \* \* \* \*

Herrera only challenged the validity of the Arbitration Agreement on the grounds that the Arbitration Agreement may waive his right to seek a public injunction. Although the Arbitration Agreement does not allow the arbitrator to grant a public injunction, Herrera does not in fact seek a public injunction. In any event, Herrera would lack standing to seek a public injunction if he were to seek one. Thus, Herrera's arguments fail and the Court finds that there is a valid arbitration agreement exists that encompasses the claims at issue. Accordingly, the Court **GRANTS** Wells Fargo's motion to compel Herrera to arbitration.

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-332 JVS(MRWx) | Date | September 8, 2020 |
|---|---|---|---|
| Title | Armando Herrera et al. v. Wells Fargo Bank, N.A. | | |

### B.     Stay Pending Arbitration

Wells Fargo asks the Court to stay the claims of the Arbitration Plaintiffs pending completion of arbitration. Mot. at 9. Section 3 of the FAA "requires courts to stay litigation of arbitral claims pending arbitration of those claims 'in accordance with the terms of the agreement.'" AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (quoting 9 U.S.C. § 3). Accordingly, the Court **stays** this case in light of its finding that the Arbitration Plaintiffs' claims are subject to the terms of the Arbitration Agreement.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Wells Fargo's motion to compel arbitration. The Arbitration Plaintiffs' claims are **stayed** pending the completion of arbitration.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |