UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00332 JVS (MRWx) | Date | October 8, 2020 |
| Title | Armando Herrera et al. v. Wells Fargo, N.A. et al. | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl/Rolls Royce Paschal | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion for Reconsideration**

Plaintiff Armando Herrera ("Herrera") filed a motion for reconsideration of the Court's order, Order, ECF No. 180, compelling Herrera to arbitrate his claim with Defendants Wells Fargo Bank N.A., d/b/a Wells Fargo Auto f/k/a Wells Fargo Dealer Services, Inc., and Wells Fargo & Company (collectively, "Wells Fargo"). Mot., ECF No. 183. In this motion, Herrera also requests certification for interlocutory review. Id. at 7-9. Wells Fargo filed an opposition. Opp'n, ECF No. 186. Herrera filed a reply. Reply, ECF No. 186.

For the following reasons, the Court **DENIES** the motion for reconsideration and the request for certification for interlocutory appeal.

**I. BACKGROUND**

The background of this case is well known to the parties and is only recited to the extent necessary for the discussion below. On June 26, 2020, Wells Fargo submitted a motion to compel arbitration as to several of the class representatives in this case, including Herrera. MTC, ECF No. 127. Herrera opposed the motion, MTC Opp'n, ECF No. 146, and Wells Fargo filed a response. MTC Reply, ECF No. 155. Following the Court's posting of a tentative order on the motion to compel, Herrera filed a request for oral argument. ROA, ECF No. 166. Wells Fargo also opposed the request. ROA Opp'n, ECF No. 172.

The Court granted Wells Fargo's motion to compel as to Herrera. See generally Order. As relevant to the instant motion, the Court held that Herrera had waived an argument that "if an arbitration agreement improperly prohibits public injunctions and has a 'poison pill' invalidating the agreement as a result, then such an agreement is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-00332 JVS (MRWx)  Date  October 8, 2020

Title  Armando Herrera et al. v. Wells Fargo, N.A. et al.

unenforceable regardless of the specific relief sought." Order at 6 (quoting ROA at 6). The Court therefore, having considered the cases raised by Wells Fargo, concluded that if Herrera was not seeking a public injunction, his arbitration agreement was not invalidated by its inclusion of a provision that purports to waive his right to seek a public injunction under California's Unfair Competition Law ("UCL") and California's Consumer Legal Remedies Act ("CLRA"). See id. Although the arbitration agreement did include a waiver of Herrera's right to seek a public injunction (the "Public Injunction Waiver"), since the Court found that Herrera was not seeking a public injunction, the Court concluded that the arbitration agreement was valid and compelled arbitration. Id. at 7-10.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

The grounds for reconsideration are set forth in Local Rule 7-18, which provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.[1] The Court has discretion in determining whether to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

### B. Interlocutory Review

---

[1] See also School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (reconsideration appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00332 JVS (MRWx) | Date | October 8, 2020 |
| Title | Armando Herrera et al. v. Wells Fargo, N.A. et al. | | |

Under 28 U.S.C. § 1292(b), the party seeking certification must establish that: (1) there is a controlling question of law, (2) as to which there are substantial grounds for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). Only if all three factors are met may the Court certify an order for appeal. Id.; see also Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met."). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Such a departure is "to be applied sparingly and only in exceptional cases." United States v. Woodbury, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Thus, the party seeking certification "has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" Fukuda v. County of Los Angeles, 630 F. Supp. 228, 229 (C.D. Cal. 1986) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

### III. DISCUSSION

Herrera argues that the Court should reconsider its Order because Herrera did raise in his original opposition to the motion to compel the argument that a waiver of public injunctions invalidates the arbitration agreement regardless of whether he seeks a public injunction. Mot. at 5-7. Herrera also contends that the California Court of Appeal's recent holding in Mejia v. DACM, Inc., 2020 WL 5525793 (Cal. Ct. App. Aug. 24, 2020), justifies reconsideration because it amounts to a "material difference of law" from that presented to the Court prior to the Order. Reply at 5. In the alternative, Herrera argues that the Court should certify its Order for interlocutory review because there is a substantial difference in opinion as to what counts as a "public injunction." Mot. at 7-9.

The Court considers each of Herrera's arguments in turn.

A.   *Whether Herrera Waived His Argument*

Herrera cites at length his opposition to the motion to compel to contend that he did not waive the argument that the Public Injunction Waiver invalidated the arbitration agreement regardless of whether he sought a public injunction. Mot. at 5-7. The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-00332 JVS (MRWx)                             Date   October 8, 2020

Title    Armando Herrera et al. v. Wells Fargo, N.A. et al.

disagrees with Herrera's characterization of his opposition to the motion to compel. As Wells Fargo points out, Herrera's opposition to the motion to compel was premised on the conclusion that Herrera was in fact seeking a public injuction. See MTC Opp'n at 7 ("Herrera is seeking a public injunction requiring Wells Fargo to refund all unearned GAP fees it collected after the early payoff of the finance agreement, with interest, and, on a going forward basis, to either stop including unearned GAP fees in the total payoff amount or promptly refund those amounts back to the customer."); id. at 9 ("In the present case, Herrera is seeking a public injunction under the UCL and CLRA."). Herrera did not expressly address anywhere in his opposition whether the arbitration agreement would still be invalidated if the Court found that Herrera was not seeking a public injunction. Indeed, the novelty of the argument that he later raised can be seen in how Herrera cited to cases that were not mentioned in the original opposition. See ROA at 6 (citing Cottrell v. AT&T, Inc., 2020 WL 2747774, at *7 (N.D. Cal. May 27, 2020); Lotsoff v. Wells Fargo, N.A., 2019 WL 4747667, at *4-5 (S.D. Cal. Sept. 30, 2019)).

The Court maintains that Herrera had waived his argument as to whether the Public Injunction Waiver still invalidated Herrera's arbitration agreement even if he was not seeking a public injunction. The Court therefore declines to reconsider the order to compel arbitration on these grounds.

### B.   *Mejia v. DACM, Inc.*

Next, Herrera argues that the California Court of Appeal decision in Mejia v. DACM, Inc., 2020 WL 5525793, justifies reconsideration because it amounts to a "material difference of law" from that presented to the Court prior to the Order. Reply at 5. But the Court does not find that Mejia amounts to a material difference in the law. Rather, the court in Mejia merely recited the definition of "public injunctive relief" under McGill v. Citibank, N.A., 2 Cal. 5th 945, 959 (2017), and then concluded that "the injunctive relief Mejia prays for in the complaint fits the Supreme Court's definition of 'public injunctive relief' in McGill." 2020 WL 5525793, at *6. Mejia therefore did not amount to a change in the law. The case merely applied the pre-existing law from McGill to a new factual situation.

Further, Mejia is not instructive for this case, as the injunctive relief sought in Mejia would benefit a much broader group of people than here. The injunctive relief in Mejia was to force the defendant to "cease selling motor vehicles in the state of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-00332 JVS (MRWx)                    Date   October 8, 2020

Title      Armando Herrera et al. v. Wells Fargo, N.A. et al.

California without first providing the consumer with all disclosures mandated by Civil Code [section] 2982 in a single document." Id. The group of individuals who would benefit from the injunctive relief encompassed "consumers generally," for all consumers would be informed of the disclosures under Civil Code § 2982 before purchasing the motor vehicles. Id. By contrast, the Court has found that injunctive relief sought by Herrera extends only to individuals who "had (1) purchased a GAP Agreement, (2) financed the cost of that agreement, (3) had that agreement assigned to Wells Fargo, (4) had paid off their loan early, and (5) would have not already received a refund of the GAP fees." Order at 7. This is a far narrower class of individuals who would benefit than in Mejia, and certainly does not extend to "consumers generally."

The Court therefore declines to reconsider the motion to compel arbitration because of Mejia.

C.   *Interlocutory Review*

Herrera finally contends that certification for interlocutory review is appropriate here because a substantial difference in opinion exists among the district courts as to what constitutes "public injunctive relief." Mot. at 7-8. As noted previously, the Court must find that the following three requirements are met before granting an interlocutory appeal: (1) there is a controlling question of law, (2) as to which there are substantial grounds for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation.

"Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).[2] "That settled law might be applied differently does not establish a substantial ground for difference of opinion." Id.

---

[2] Herrera argues that the standard cannot require a federal circuit split because "California law could rarely, if ever, be certified for an interlocutory appeal." Reply at 8. Herrera fails to note that this rule was adopted in Couch v. Telescope, which focused on California Penal Code § 319. 611 F.3d at 630.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-00332 JVS (MRWx) | Date | October 8, 2020 |
| Title | Armando Herrera et al. v. Wells Fargo, N.A. et al. | | |

Here, Herrera argues that there is a difference in opinion among different district courts as to how McGill should apply to relief sought under the CLRA and UCL. See Reply at 8 (collecting cases). But, even assuming the Court agrees with Herrera that the cases he cites are directly at odds with each other, the fact that district courts have applied the McGill differently is insufficient to find a substantial grounds for a difference in opinion under Couch. Herrera's citations to courts finding an "intra-district" conflict sufficient predate Couch and are mostly from other circuits. See Reply at 8 (citing Watson v. Yolo Cty. Flood Control & Water Conservation District, 2007 WL 4107539, at *4 (E.D. Cal. Nov. 16, 2007); Kolbeck v. General Motors Corp., 702 F. Supp. 532, 542, n. 1 (E.D. Pa. 1989); Miron v. Seidman, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006)). Further, the cited cases, as district court opinions, are merely persuasive authority for this Court, unlike the binding precedent in Couch.

The Court concludes that Herrera has not shown there to be substantial grounds for a difference in opinion sufficient to justify an interlocutory appeal. The Court therefore **DENIES** the request for certification.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion for reconsideration and the request for certification for interlocutory appeal. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for October 19, 2020, is ordered **VACATED**.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb/rrp | |